IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ROBERT DONNERSON,<br><br>　　　　Plaintiff,<br>　v.<br><br>Warden JOE MC GRATH; Lieutenant R. S. MARQUEZ; Property Officer R. SHELLABARGER; Property Officer REAMS,<br><br>　　　　Defendants.　　　　　／ | No. C 08-4037 WHA (PR)<br><br>**ORDER OF DISMISSAL** |

This is a civil rights case filed pro se by a state prisoner. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.　STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

1    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

In 2002 plaintiff was housed at Pelican Bay State Prison. Because he was being investigated for conspiring to murder staff, he was transferred to administrative segregation. Defendants, who are employees at Pelican Bay, seized his property when he was transferred. The property seized included seventy-eight bars of soap, a pair of Nike tennis shoes, and books and papers having to do with the Nation of Islam. He asserts that when he was recently transferred to Salinas Valley State Prison and his property returned, the box containing the items listed above was not included. He contends that the loss of his property and an associated refusal to allow him to administratively appeal the loss were violations of his constitutional rights.

Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other*

*grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).  The availability of an adequate state post-deprivation remedy, e.g. a state tort action, precludes relief because it provides adequate procedural due process.  *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986).  California law provides an adequate post-deprivation remedy for any property deprivations.  *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).[1]  Plaintiff's property allegation involves a random and unauthorized deprivation of property, the sort of claim that is not cognizable under § 1983, and so must be dismissed.

As to his claim that his administrative appeal was cancelled at the second formal level and not answered at the third and final level, although there certainly is a right to petition government for redress of grievances (a First Amendment Right), there is no right to a response or any particular action.  *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991) ("prisoner's right to petition the government for redress ... is not compromised by the prison's refusal to entertain his grievance.").  This claim also must be dismissed.

## CONCLUSION

Because neither of plaintiff's claims is cognizable, the complaint is **DISMISSED** with prejudice.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September  2 , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.08\DONNERSON4037.DSM.wpd

---

[1] Nor is a prisoner protected by the Fourth Amendment against the seizure, destruction or conversion of his property. *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989).

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER R DONNERSON, | Case Number: CV08-04037 WHA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| JOE MCGRATH et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Christopher R. Donnerson
E-46616/ D4-215
Salinas Valley State Prison
PO Box 1050
Soledad, CA 93960

Dated: September 2, 2008

                                            Richard W. Wieking, Clerk
                                            By: D. Toland, Deputy Clerk